UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 5:08-cr-00143-MAS-1 |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| RONALD POWELL, II, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Matthew Stinnett. [R. 38.] Defendant Ronald Powell has been charged with his first violations of his supervised release. In 2008, Judge Joseph Hood sentenced Mr. Powell to 180 months of imprisonment followed by supervised release for life after pleading guilty to possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). [R. 21.] The United States Probation Office charges Mr. Powell with five Grade C violations of his supervised release conditions, stemming from his association with Grace Isaacs and her minor children. [R. 38 at 2.] Judge Stinnett recommends a sentence of 6-months' incarceration based on the serious nature of Mr. Powell's child pornography conviction and the severe breach of the Court's trust inherent in his willingness to associate with children despite the terms of his release. *Id.* at 5–6.

Mr. Powell appeared before Judge Stinnett for an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1. [R. 34.] During the hearing, Mr. Powell competently, knowingly, voluntarily, and intelligently waived his rights to a preliminary hearing and to a detention hearing. *Id.* On January 5, 2023, Mr. Powell appeared before Judge Stinnett for his

final hearing. [R. 36.] As Judge Stinnett found, Mr. Powell "competently, knowingly, voluntarily, and intelligently" stipulated to the violations. *Id.*

After hearing the parties' arguments, Judge Stinnett issued a Report and Recommendation in which he evaluated the entire record and considered all Section 3553(a) factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. [R. 38.] Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 7; *see* 28 U.S.C. § 636(b)(1).

Mr. Powell filed a waiver of his right to object on February 8, 2023. [R. 39.] Likewise, he waived his right to allocution before the Court on February 14.[1] [R. 41.] Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Stinnett's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

---

[1] At the final hearing before Judge Stinnett, Mr. Powell preserved his right to allocution. [R. 38 at 7.] So, the Court entered an order setting an allocution hearing for February 27, 2023. [R. 40.] Because Mr. Powell then filed a waiver, the hearing is no longer necessary. [R. 41.]

2

1. The Report and Recommendation **[R. 38]** is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Powell is found **GUILTY** of all violations;

3. Mr. Powell's supervised release is **REVOKED**;

4. Mr. Powell is **SENTENCED** to a term of incarceration of six (6) months, followed by supervised release for life;

5. Judgment shall enter promptly; and

6. The allocution hearing scheduled for February 27 is cancelled.

This the 21st day of February 2023.

Gregory F. Van Tatenhove
United States District Judge